IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v().

AARON P. BROADNAX,

    Defendant.

Case No. 21-cr-40044-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on consideration of defendant Aaron P. Broadnax's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 40). Counsel voluntarily appeared for the defendant and has moved to withdraw because she does not believe the defendant is eligible for a reduction (Doc. 44). *See Anders v. California*, 386 U.S. 738, 744 (1967). Neither the Government nor the defendant has responded to counsel's motion to withdraw, although they were given an opportunity to do so.

    Broadnax pled guilty to one count of conspiracy to distribute more than 50 grams of methamphetamine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding 142.97 grams of methamphetamine, *see* PSR ¶ 31, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 24. His offense level was increased by 2 points under U.S.S.G. § 3D1.1(b)(1) because the defendant used a dangerous weapon and was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crime. This resulted in a total offense level of 23.

    The defendant was in criminal history category V based on his accumulation of 11

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2018 version.

criminal history points, 2 of which were assessed because he was under a criminal sentence when he committed the offense of conviction ("status points").  *See* PSR ¶ 58-60.  This yielded a guideline sentencing range of 84 to 105 months in prison.  The Court imposed a sentence of 96 months.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence.  Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points.  For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[2]  Amendment 821 is retroactive.  *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

---

[2] Part B of Amendment 821 concerns defendants with no criminal history points.  This does not apply to the defendant because he was assessed criminal history points.

2

Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 821 did not lower the defendant's guideline sentencing range. It is true that it reduced the defendant's criminal history points from 11 to 10, but he still falls within criminal history category V. *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. 1. Thus, Amendment 821 did not result in a lower criminal history category, and it did not lower the defendant's guideline sentencing range.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 44) and **DENIES** Broadnax's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 40). FPD Kim C. Freter is terminated as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   July 24, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**